# Exhibit "1"

Thursday, May 11, 2017 1:40:54 PM
CASE NUMBER: 2017 CV 02264 Docket ID: 30872577
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
### CIVIL DIVISION

| | | |
|---|---|---|
| **DONELLA HOBBS, Individually and** | : | **CASE NO.** |
| **As the Executor of the Estate of Annette** | | |
| **Owens** | : | **JUDGE** |
| 748 Brande Dr. | | |
| Eaton, OH 45320 | : | |
| | | |
| **Plaintiff** | : | |
| | | **COMPLAINT FOR WRONGFUL** |
| | : | **DEATH AND SURVIVAL CLAIM** |
| **v.** | : | |
| | | |
| **COMMUNITY EMERGENCY** | : | **MOTION FOR EXTENSION OF TIME** |
| **MEDICAL SERVICE, INC.** | | **TO FILE AFFIDAVIT OF MERIT** |
| c/o Corporation Service Company | : | |
| 50 W. Broad St., Suite 1330 | | **PROPOSED ENTRY** |
| Columbus, OH 43215 | : | |
| | | **JURY DEMAND** |
| | : | |
| | | |
| | : | |
| **Defendant** | | |
| | : | |

---

## PARTIES

1. Plaintiff, Donella Hobbs, is the duly appointed Executor of the Estate of Annette Owens, Deceased, in the Preble County Probate Court, Case No. 20171079. Decedent, Annette Owens, was a resident of Preble County, Ohio. Plaintiff Donella Hobbs brings this action as an individual and as personal representative of the Estate of Annette Owens, Deceased, for the benefit of the Estate and next-of-kin of the decedent. A copy of the Letters of Authority is attached to this Complaint and marked as exhibit "A."

2. Defendant Community Emergency Medical Service, Inc (hereinafter Defendant Community EMS) is a duly licensed and accredited medical transportation provider doing business in the State of Ohio, County of Montgomery, that held and holds itself out to the public to provide, among other services transportation of patients. Upon

1

information and belief Defendant Community EMS is corporation, registered to do business in the State of Ohio, which at all times relevant hereto was engaged in the practice of transporting patients, by and through its agents and/or employees. At all times material hereto, its agents and/or employees were acting within the course and scope of their agency and/or employment with Defendant Community EMS.

## FIRST CLAIM FOR RELIEF

4. Plaintiff incorporates by reference those allegations contained in the preceding paragraphs as though specifically restated herein.

5. On or about May 18, 2016, Plaintiff's Decedent, Annette Owens, placed herself in the professional care of Defendants and contracted with Defendants for appropriate professional attention and treatment. Defendant was paid to transport Annette Owens from a medical facility back to her residence at a nursing home.

6. Defendants fell below the accepted standards of transportation care in providing appropriate attention and treatment to Annette Owens.

7. On or about May 18, 2016, agents of Defendant, while in the course and scope of their employment and while in the process of transporting Annette Owens, negligently, failed to prevent a fall which directly resulted in serious injury including but not limited to fracturing her left hip. The Montgomery County Corners office determined that as a result of this left hip injury Annette Owens became immobile developed ulcerated bedsores which lead to pneumonia and Annette Owens' death. The actions of Defendant and/or its agents deviated from the standard of care and were a direct and proximate cause of Annette Owens's injuries and death.

8. As a direct and proximate result of Defendant's negligent acts and omissions, Annette Owens sustained injury, endured severe pain, suffering and mental anguish for a period of time prior to her death on August 11, 2016.

9. Plaintiff further states that as a direct and proximate result of Defendant's actions as set forth above, the next-of-kin of Annette Owens have suffered pecuniary loss and non-pecuniary loss including, but not necessarily limited to, loss of support, services, care, assistance, protection, guidance, education, consortium, mental anguish, emotional distress and loss of enjoyment of life and further will, in the future, suffer pecuniary loss and non-pecuniary loss including, but not necessarily limited to, loss of support, services care, assistance, protection, guidance, education, consortium, mental anguish, emotional distress and loss of enjoyment of life.

## SECOND CLAIM FOR RELIEF

10. Plaintiff incorporates by reference those allegations contained in the preceding paragraphs as though specifically restated herein.

11. Further, as a direct and proximate result of said Defendant's actions, Plaintiff and the other next-of-kin of Annette Owens have suffered damages and are entitled to recover any and all damages authorized by Ohio's wrongful death statutes, O.R.C. § 2125.01, et seq., for the following: (a) mental anguish, grief, and worry incurred by the next-of-kin of Annette Owens, Deceased, pursuant to the doctrine in Ramish v. Central Ohio Emergency Services, Inc., 64 Ohio St.2d 97 (1992); and (b) loss of services, society, consortium, companionship, care, assistance, and other factors enumerated in Ohio's wrongful death statutes, incurred by Plaintiff and other next-of-kin.

12. As a further direct and proximate result of Defendant's actions Plaintiff and/or Plaintiff's Decedent, Annette Owens, incurred hospital, medical and related expenses and reasonable burial and funeral expenses.

**WHEREFORE,** Plaintiff Donella Hobbs, individually and as Executor of the Estate of Annette Owens, demands judgment against Defendant for damages in an amount in excess of Twenty-five Thousand Dollars ($25,000), compensatory damages, reasonable attorneys' fees, interest as provided by law, the costs of this action, and any other relief this court deems necessary and just.

Respectfully submitted:


    /s/ Stephen P. O'Keefe
Stephen P. O'Keefe (0065066)
sokeefe@gomedmalohio.com
**THE O'KEEFE FIRM**
7385 Far Hills Ave.
Dayton, Ohio 45459
937/643-0600
937/586-9495 Fax
Attorney for Plaintiff

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, Plaintiffs demand a jury composed of the maximum number of jurors permitted by law.

/s/ Stephen P. O'Keefe
Stephen P. O'Keefe

COPY OF COMMON PLEAS
Thursday, May 11, 2017 1:40:54 PM
CASE NUMBER: 2017 CV 02264 Docket ID: 30872580
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

### MONTGOMERY COMMON PLEAS COURT / GENERAL DIVISION
### CIVIL CASE INFORMATION

This document has been automatically generated by the Electronic Filing System

| PARTICIPANT NAME | TYPE | ATTORNEY FOR PARTY |
|---|---|---|
| DONELLA HOBBS, EXECUTRIX | MAIN PLAINTIFF | OKEEFE |
| COMMUNITY EMERGENCY MEDICAL SERVICE INC | MAIN DEFENDANT | |

| CATEGORY | VALUE |
|---|---|
| CASE TYPE | Civil |
| JURY DEMAND | Yes |
| PRAYER AMOUNT | 25000 |
| ACTION TYPE | MEDICAL MALPRACTICE |
| TYPE OF RESOLUTION | |
| PARCEL NUMBER (MORTGAGE FORECLOSURE ONLY) | |

### REFILING INFORMATION

| CASE NUMBER | JUDGE | MAIN PLAINTIFF | MAIN DEFENDANT |
|---|---|---|---|
| | | | |

### SUITS INVOLVING LIKE ISSUES AND SIMILAR PARTIES

| CASE NUMBER | JUDGE | MAIN PLAINTIFF | MAIN DEFENDANT |
|---|---|---|---|
| | | | |

The Filer submitted this information and the document was generated.
Filer: Stephen P. OKeefe

GREGORY A. BRUSH
MONTGOMERY COUNTY CLERK OF COURTS
41 N. PERRY STREET, DAYTON, OHIO 45222

## INSTRUCTIONS FOR SERVICE

DONELLA  HOBBS, EXECUTRIX
**PLAINTIFF/PETITIONER**


COMMUNITY EMERGENCY MEDICAL SERVICE INC
**DEFENDANT/RESPONDENT**

**PLEASE ISSUE SERVICE TO:** (Name and Address)
COMMUNITY EMERGENCY MEDICAL SERVICE INC
CORPORATION SERVICE COMPANY
50 W. BROAD ST.
SUITE 1330
COLUMBUS, OH  43215

**VIA:**  Service by Clerk

**SERVICE PROVIDER:**

**TO BE SERVED** (List all Documents to be Served)
Case Information Sheet, Complaint FOR WRONGFUL DEATH AND SURVIVAL CLAIM, Motion: FOR
EXTENSION OF TIME TO FILE AFFIDAVIT OF MERIT

**Electronically Requested by:**  Stephen P. OKeefe

## IN THE COMMON PLEAS COURT OF MONTOGMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **DONELLA HOBBS, et al.** | : | **CASE NO.** |
| | : | **JUDGE** |
| | : | |
| **Plaintiffs** | : | |
| | : | **MOTION FOR EXTENSION OF TIME** |
| **v.** | : | **TO FILE AFFIDAVIT OF MERIT** |
| | : | |
| **COMMUNITY EMERGENCY** | | |
| **MEDICAL SERVICE, INC.** | : | |
| **Defendant** | : | |

      Plaintiff respectfully requests an extension of time to file an Affidavit of Merit pursuant to *Ohio Rules of Civil Procedure 10(D)*.

      Plaintiff requests that this Court issue an Order extending the time to file an Affidavit of Merit for ninety (90) days and that the Court may extend that ninety day cutoff if the Court determines that a Defendant or non-party has failed to cooperate with discovery and that other circumstances might warrant an extension. A proposed Entry is attached.

Respectfully submitted:

    /s/ Stephen P. O'Keefe
Stephen P. O'Keefe (0065066)
sokeefe@gomedmalohio.com
**THE O'KEEFE FIRM**
7385 Far Hills Ave.
Dayton, Ohio 45459
937/643-0600
937/586-9495 Fax
Attorney for Plaintiff

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

| | |
|---|---|
| **PLAINTIFF** | **CASE NUMBER** |
| DONELLA HOBBS EXECUTRIX | 2017 CV 02264 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| COMMUNITY EMERGENCY MEDICAL SERVICE INC | 9207190108109403026266 |

**TO THE FOLLOWING NAMED DEFENDANT:**

COMMUNITY EMERGENCY MEDICAL SERVICE INC

CORPORATION SERVICE COMPANY

50 W. BROAD ST.

COLUMBUS OH 43215

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

DONELLA HOBBS

748 BRANDE DR.

EATON, OH 45320

**PLAINTIFF ATTORNEY:**

STEPHEN P O'KEEFE

O'KEEFE FIRM LPA

7385 FAR HILLS AVENUE

DAYTON, OH 45459

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.** Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.org. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.org. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



/s/ GREGORY A. BRUSH, ISSUED Thursday, May 11, 2017

GREGORY A. BRUSH, CLERK

COURT OF COMMON PLEAS

MONTGOMERY COUNTY, OHIO


PREPARED ELECTRONICALLY

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

## RETURN OF SERVICE SUMMONS

**PLAINTIFF**

DONELLA HOBBS EXECUTRIX

**VS**

**DEFENDANT**

COMMUNITY EMERGENCY MEDICAL
SERVICE INC

**CASE NUMBER**

2017 CV 02264

**ARTICLE NUMBER**

9207190108109403026266

**TO THE FOLLOWING NAMED PARTY:**

COMMUNITY EMERGENCY MEDICAL SERVICE INC

CORPORATION SERVICE COMPANY

50 W. BROAD ST.

COLUMBUS, OH 43215

### RETURN OF SERVICE(PERSONAL)

| FEES | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2017, at ____ o'clock ____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2017.

By _____

### RETURN OF SERVICE(RESIDENCE)

| FEES | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2017, at ____ o'clock ____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2017.

By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

| FEES | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2017, at ____ o'clock ____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

PAGE INTENTIONALLY LEFT BLANK

COURT OF COMMON PLEAS
Tuesday May 16, 2017 2:18:43 PM
CASE NUMBER: 2017 CV 02264 Docket ID: 30888710
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **DONELLA HOBBS, et al.** | : | **CASE NO.** |
| | : | **JUDGE** |
| | : | |
| **Plaintiffs** | : | **ENTRY GRANTING EXTENSION OF TIME TO FILE AFFIDAVIT OF MERIT** |
| **v.** | : | |
| **ATRIUM MEDICAL CENTER MEDICAL SERVICE, INC.** | : | |
| | : | |
| **Defendants** | | |

Upon application and for good cause shown, Plaintiffs are hereby granted ninety (90) days in which to file an Affidavit of Merit in this matter. This time period may be extended if the Defendants are not made available for their discovery depositions within the ninety (90) days or, if after completion of the depositions, additional time is needed for expert physician review.

APPROVED:

_____

JUDGE

1



General Divison

Montgomery County Common Pleas Court

41 N. Perry Street, Dayton, Ohio 45422

**Type:** Entry: (Signed By Judge)

**Case Number:** 2017 CV 02264

**Case Title:** DONELLA HOBBS vs COMMUNITY EMERGENCY MEDICAL SERVICE INC

So Ordered

*Barbara Pughlic Gorman*

Electronically signed by bgorman on 2017-05-16 14:20:46     page 2 of 2

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _RECEIVED_

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

_Corporation_    2017

Service® Company

By Deanne E. Schausell
Agent

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so...
■ Atta...
or c...

1. Artic...

Case: 2017 CV 02254
000309091089
DKT: CV5RS

2:17-CV-02254
2017-CV-02254 44
COMMUNITY EMERGENCY MEDICAL
CORPORATION SERVICE COMPANY
W. BROAD ST
COLUMBUS 1330

2. Article Number (Transfer from service label)

9290 9901 0810 9403 0262 62

9207 1901 0810 9403 0262 66

PS Form 3811, Facsimile July 2015

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9290 9901 0810 9403 0262 62

United States
Postal Service

A-FILED
COURT OF COMMON PLEAS
17 MAY 19 AM 11: 12
MONTGOMERY CO. OHIO

• Sender: Please print your name, address, ZIP+4® in this box•

GREGORY A. BRUSH
MONTGOMERY COUNTY CLERK OF COURTS
41 N PERRY STREET
DAYTON, OHIO 45422-2150

COURT OF COMMON No. 0100 P. 2
Wednesday, July 12, 2017 4:28:35 PM
CASE NUMBER: 2017 CV 02264 Docket ID: 31102627
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| DONELLA HOBBS, | : | CASE NO. 2017-CV-02264 |
| Plaintiff, | : | JUDGE BARBARA P. GORMAN |
| vs. | : | |
| COMMUNITY EMERGENCY MEDICAL SERVICES, INC., | : | PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT |
| Defendant. | : | |

Now comes Plaintiff, Donella Hobbs, by and through counsel and requests that this Court enter Judgment by default against the above named Defendant.

The Complaint in this matter was filed by Plaintiff on May 11, 2017. Defendant, Community Emergency Medical Services, Inc., was successfully served with a copy of the Complaint in the above-captioned matter on May 19, 2017. Thus, the deadline by which Defendants were required to file an Answer was June 16, 2017. Civ. R. 12 (A)(1). Defendant has not filed an Answer with the Clerk of Courts, nor has it filed one with Plaintiffs. This Defendant is, therefore, in default in this action.

Plaintiff respectfully requests that this Court enter judgment by default against Defendant, Community Emergency Medical Services, Inc. and requests the Court set the Motion for hearing on damages.

Respectfully Submitted,

/s/ Stephen P. O'Keefe
Stephen P. O'Keefe (#0065066)
sokeefe@gomedmalohio.com
THE O'KEEFE FIRM
7385 Far Hills Avenue
Dayton, Ohio 45459
Phone: 937/643-0600
Fax: 937/586-9495

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed by regular U.S. Mail this 12th day of July, 2017, to:

Community Emergency Medical Services, Inc.
c/o Corporate Service Company, Statutory Agent
50 West Broad Street, Suite 1330
Columbus, Ohio 43215

/s/ Stephen P. O'Keefe
Stephen P. O'Keefe

COURT OF COMMON No. 0101   P. 2
Thursday, July 27, 2011 1:24:54 PM
CASE NUMBER: 2017 CV 02264 Docket ID: 31156448
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **DONELLA HOBBS, Individually and** | : | CASE NO. |
| **As the Executor of the Estate of Annette** | | |
| **Owens** | : | **JUDGE** |
| 748 Brande Dr. | | |
| Eaton, OH 45320 | : | |
| | | |
| **Plaintiff** | : | **FIRST AMENDED** |
| | | **COMPLAINT FOR WRONGFUL** |
| | | **DEATH AND SURVIVAL CLAIM** |
| **v.** | : | |
| | | |
| **COMMUNITY EMERGENCY** | : | **MOTION FOR EXTENSION OF TIME** |
| **MEDICAL SERVICE, INC.** | | **TO FILE AFFIDAVIT OF MERIT** |
| c/o Corporation Service Company | : | |
| 50 W. Broad St., Suite 1330 | | **PROPOSED ENTRY** |
| Columbus, OH 43215 | | |
| | : | **JURY DEMAND** |
| **and** | : | |
| | | |
| **PARASTAR, INC.** | : | |
| c/o Corporation Service Company | | |
| 50 W. Broad St., Suite 1330 | : | |
| Columbus, OH 43215 | | |
| | : | |
| **Defendants** | : | |
| | | |
| | : | |

## PARTIES

1. Plaintiff, Donella Hobbs, is the duly appointed Executor of the Estate of Annette Owens, Deceased, in the Preble County Probate Court, Case No. 20171079. Decedent, Annette Owens, was a resident of Preble County, Ohio. Plaintiff Donella Hobbs brings this action as an individual and as personal representative of the Estate of Annette Owens, Deceased, for the benefit of the Estate and next-of-kin of the decedent. A copy of the Letters of Authority is attached to this Complaint and marked as exhibit "A."

2. Defendant Community Emergency Medical Service, Inc (hereinafter Defendant Community EMS) is a duly licensed and accredited medical transportation provider doing business in the State of Ohio, County of Montgomery, that held and holds itself out to the public to provide, among other services transportation of patients. Upon information and belief Defendant Community EMS is corporation, registered to do business in the State of Ohio, which at all times relevant hereto was engaged in the practice of transporting patients, by and through its agents and/or employees. At all times material hereto, its agents and/or employees were acting within the course and scope of their agency and/or employment with Defendant Community EMS.

3. Defendant Parastar, Inc (hereinafter Defendant Parastar) is a duly licensed and accredited medical transportation provider doing business in the State of Ohio, County of Montgomery, that held and holds itself out to the public to provide, among other services transportation of patients. Upon information and belief Defendant Parastar is corporation, registered to do business in the State of Ohio, which at all times relevant hereto was engaged in the practice of transporting patients, by and through its agents and/or employees. At all times material hereto, its agents and/or employees were acting within the course and scope of their agency and/or employment with Defendant Parastar.

### FIRST CLAIM FOR RELIEF

4. Plaintiff incorporates by reference those allegations contained in the preceding paragraphs as though specifically restated herein.

5. On or about May 18, 2016, Plaintiff's Decedent, Annette Owens, placed herself in the professional care of Defendants and contracted with Defendants for appropriate professional attention and treatment. Defendants were paid to transport Annette Owens from a medical facility back to her residence at a nursing home.

6. Defendants fell below the accepted standards of transportation care in providing appropriate attention and treatment to Annette Owens.

7. On or about May 18, 2016, agents of Defendants, while in the course and scope of their employment and while in the process of transporting Annette Owens, negligently, failed to prevent a fall which directly resulted in serious injury including but not limited to fracturing her left hip. The Montgomery County Corners office determined that as a result of this left hip injury Annette Owens became immobile developed ulcerated bedsores which lead to pneumonia and Annette Owens' death. The actions of Defendants

and/or their agents deviated from the standard of care and were a direct and proximate cause of Annette Owens's injuries and death.

8. As a direct and proximate result of Defendants' negligent acts and omissions, Annette Owens sustained injury, endured severe pain, suffering and mental anguish for a period of time prior to her death on August 11, 2016.

9. Plaintiff further states that as a direct and proximate result of Defendants' actions as set forth above, the next-of-kin of Annette Owens have suffered pecuniary loss and non-pecuniary loss including, but not necessarily limited to, loss of support, services, care, assistance, protection, guidance, education, consortium, mental anguish, emotional distress and loss of enjoyment of life and further will, in the future, suffer pecuniary loss and non-pecuniary loss including, but not necessarily limited to, loss of support, services care, assistance, protection, guidance, education, consortium, mental anguish, emotional distress and loss of enjoyment of life.

## SECOND CLAIM FOR RELIEF

10. Plaintiff incorporates by reference those allegations contained in the preceding paragraphs as though specifically restated herein.

11. Further, as a direct and proximate result of said Defendants' actions, Plaintiff and the other next-of-kin of Annette Owens have suffered damages and are entitled to recover any and all damages authorized by Ohio's wrongful death statutes, O.R.C. § 2125.01, et seq., for the following: (a) mental anguish, grief, and worry incurred by the next-of-kin of Annette Owens, Deceased, pursuant to the doctrine in Ramish v. Central Ohio Emergency Services, Inc., 64 Ohio St.2d 97 (1992); and (b) loss of services, society, consortium, companionship, care, assistance, and other factors enumerated in Ohio's wrongful death statutes, incurred by Plaintiff and other next-of-kin.

12. As a further direct and proximate result of Defendants' actions Plaintiff and/or Plaintiff's Decedent, Annette Owens, incurred hospital, medical and related expenses and reasonable burial and funeral expenses.

**WHEREFORE,** Plaintiff Donella Hobbs, individually and as Executor of the Estate of Annette Owens, demands judgment against Defendants, jointly and severally, for damages in an amount in excess of Twenty-five Thousand Dollars ($25,000), compensatory damages, reasonable attorneys' fees, interest as provided by law, the costs of this action, and any other relief this court deems necessary and just.

Respectfully submitted:


    /s/ Stephen P. O'Keefe
Stephen P. O'Keefe (0065066)
sokeefe@gomedmalohio.com
**THE O'KEEFE FIRM**
7385 Far Hills Ave.
Dayton, Ohio 45459
937/643-0600
937/586-9495 Fax
Attorney for Plaintiff


## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, Plaintiffs demand a jury composed of the maximum number of jurors permitted by law.


/s/ Stephen P. O'Keefe
Stephen P. O'Keefe

Jul. 27. 2017  4:47PM

## IN THE COMMON PLEAS COURT OF MONTOGMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| DONELLA HOBBS, et al. | : | CASE NO. |
| | : | JUDGE |
| | : | |
| **Plaintiffs** | : | |
| | : | MOTION FOR EXTENSION OF TIME |
| | : | TO FILE AFFIDAVIT OF MERIT |
| v. | : | |
| COMMUNITY EMERGENCY | : | |
| MEDICAL SERVICE, INC. | : | |
| **Defendant** | : | |

Plaintiff respectfully requests an extension of time to file an Affidavit of Merit pursuant to *Ohio Rules of Civil Procedure 10(D).*

Plaintiff requests that this Court issue an Order extending the time to file an Affidavit of Merit for ninety (90) days and that the Court may extend that ninety day cutoff if the Court determines that a Defendant or non-party has failed to cooperate with discovery and that other circumstances might warrant an extension. A proposed Entry is attached.

Respectfully submitted:


   /s/ Stephen P. O'Keefe
Stephen P. O'Keefe (0065066)
sokeefe@gomedmalohio.com
**THE O'KEEFE FIRM**
7385 Far Hills Ave.
Dayton, Ohio  45459
937/643-0600
937/586-9495 Fax
Attorney for Plaintiff

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

**PLAINTIFF**

DONELLA HOBBS EXECUTRIX

**VS**

**DEFENDANT**

COMMUNITY EMERGENCY MEDICAL
SERVICE INC et al

**CASE NUMBER**

2017 CV 02264

**ARTICLE NUMBER**

787321784021

**TO THE FOLLOWING NAMED DEFENDANT:**

COMMUNITY EMERGENCY MEDICAL SERVICE INC

50 W BROAD ST SUITE 1330

CORPORATION SERVICE COMPANY

COLUMBUS OH 43215

You have been named a Defendant or Respondent in a complaint filed in Montgomery County
Court of Common Pleas, Dayton, Ohio. **A copy of the Complaint is attached.**

**BY:**

DONELLA HOBBS

748 BRANDE DR.

EATON, OH 45320

**PLAINTIFF ATTORNEY:**

STEPHEN P O'KEEFE

O'KEEFE FIRM LPA

7385 FAR HILLS AVENUE

DAYTON, OH 45459

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff,
if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days
after receipt of this summons, exclusive of the day you received the summons.** Your
original **Answer** must be filed with the Clerk of Court's Office **within 3 days** after you serve the
Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**
If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.org. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.org. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



/s/ GREGORY A. BRUSH, ISSUED Thursday, July 27, 2017
GREGORY A. BRUSH, CLERK
COURT OF COMMON PLEAS
MONTGOMERY COUNTY, OHIO

**PREPARED ELECTRONICALLY**

## In The Court Of Common Pleas, Montgomery County Ohio
### Civil Division

**RETURN OF SERVICE SUMMONS**

**PLAINTIFF**

DONELLA HOBBS EXECUTRIX

**VS**

**DEFENDANT**

COMMUNITY EMERGENCY MEDICAL
SERVICE INC et al

**CASE NUMBER**

2017 CV 02264

**ARTICLE NUMBER**

787321784021

**TO THE FOLLOWING NAMED PARTY:**

COMMUNITY EMERGENCY MEDICAL SERVICE INC

50 W BROAD ST SUITE 1330

CORPORATION SERVICE COMPANY

COLUMBUS, OH 43215

### RETURN OF SERVICE(PERSONAL)

| | FEES | |
|---|---|---|
| SERVICE | $_____ | |
| MILEAGE | _____ | |
| TOTAL | $_____ | |
| DATE | _____ | |

I received the document on _____, 2017, at _____ o'clock _____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2017.

By _____

### RETURN OF SERVICE(RESIDENCE)

| | FEES | |
|---|---|---|
| SERVICE | $_____ | |
| MILEAGE | _____ | |
| TOTAL | $_____ | |
| DATE | _____ | |

I received the document on _____, 2017, at _____ o'clock _____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2017.

By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

| | FEES | |
|---|---|---|
| SERVICE | $_____ | |
| MILEAGE | _____ | |
| TOTAL | $_____ | |
| DATE | _____ | |

I received the document on _____, 2017, at _____ o'clock _____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons:

_____

By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

**PLAINTIFF**

DONELLA HOBBS EXECUTRIX

**VS**

**DEFENDANT**

COMMUNITY EMERGENCY MEDICAL
SERVICE INC et al

**CASE NUMBER**

2017 CV 02264

**ARTICLE NUMBER**

787321783595

**TO THE FOLLOWING NAMED DEFENDANT:**

PARASTAR INC.

50 W BROAD ST SUITE 1330

CO CORPORATION SERVICE COMPANY

COLUMBUS OH 43215

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

DONELLA HOBBS

748 BRANDE DR.

EATON, OH  45320

**PLAINTIFF ATTORNEY:**

STEPHEN P O'KEEFE

O'KEEFE FIRM LPA

7385 FAR HILLS AVENUE

DAYTON, OH 45459

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.** Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.org. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.org. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



/s/ GREGORY A. BRUSH, ISSUED Thursday, July 27, 2017

GREGORY A. BRUSH, CLERK

COURT OF COMMON PLEAS

MONTGOMERY COUNTY, OHIO


**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

**PLAINTIFF**
DONELLA HOBBS EXECUTRIX

**VS**

**DEFENDANT**
COMMUNITY EMERGENCY MEDICAL
SERVICE INC et al

**CASE NUMBER**
2017 CV 02264

**ARTICLE NUMBER**
787321783595

**TO THE FOLLOWING NAMED PARTY:**
PARASTAR INC.
50 W BROAD ST SUITE 1330
CO CORPORATION SERVICE COMPANY
COLUMBUS, OH 43215

## RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE      $_____

MILEAGE      _____

TOTAL        $_____

DATE         _____

I received the document on _____, 2017, at _____ o'clock _____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2017.

By _____

## RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE      $_____

MILEAGE      _____

TOTAL        $_____

DATE         _____

I received the document on _____, 2017, at _____ o'clock _____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2017.

By _____

## RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE      $_____

MILEAGE      _____

TOTAL        $_____

DATE         _____

I received the document on _____, 2017, at _____ o'clock _____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

PAGE INTENTIONALLY LEFT BLANK

Frid... July 28, 2017 3:03:30 PM
CAS... ,UMBER: 2017 CV 02264 Docket ID: 31162683
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **DONELLA HOBBS, et al.** | : | **CASE NO.** |
| | : | **JUDGE** |
| | : | |
| **Plaintiffs** | : | **ENTRY GRANTING EXTENSION OF TIME TO FILE AFFIDAVIT OF MERIT** |
| **v.** | : | |
| **ATRIUM MEDICAL CENTER MEDICAL SERVICE, INC.** | : | |
| | : | |
| **Defendants** | | |

Upon application and for good cause shown, Plaintiffs are hereby granted ninety (90) days in which to file an Affidavit of Merit in this matter. This time period may be extended if the Defendants are not made available for their discovery depositions within the ninety (90) days or, if after completion of the depositions, additional time is needed for expert physician review.

APPROVED:

_____

JUDGE

1



General Divison

Montgomery County Common Pleas Court

41 N. Perry Street, Dayton, Ohio 45422

**Type:**            Judgment Entry

**Case Number:**      2017 CV 02264

**Case Title:**       DONELLA HOBBS vs COMMUNITY EMERGENCY MEDICAL
                      SERVICE INC

So Ordered

*Barbora Pughsie Gorman*

COURT OF COMMON PLEAS
Friday, July 28, 2017 3:03:30 PM
CASE NUMBER: 2017 CV 02264 Docket ID: 31162686
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO

DONELLA HOBBS, EXECUTRIX

VS.

COMMUNITY EMERGENCY
MEDICAL SERVICE INC et al

CASE NO. 2017 CV 02264

JUDGE BARBARA P. GORMAN

You are hereby notified that a Judgment Entry has been filed with the Clerk of Common Pleas Court on 07/28/2017.

Pursuant to Ohio Civil Rule 58 (B) you are notified that a judgment has been filed that may be a final appealable order.

Under Ohio Appellate Rule 4(A) you shall file your notice of appeal within either:
- 30 days from the entry of judgment or order being appealed OR
- 30 days of service of the notice of judgment and its entry if service was not made within the 3 day period in Ohio Civil Rule 58 (B).

If you intend to appeal the judgment of the trial court, you must file your notice of appeal with the clerk of the trial court. Please refer to 2nd District Court of Appeals Local Appellate Rule 2 concerning the $100 deposit. Please refer to Ohio Appellate Rule 3 (D) for a detailed description of the content of the notice of appeal.

Appellate Rules Online:
Ohio: www.sconet.state.oh.us/LegalResources/Rules
Local: www.mcohio.org/SecondDistrictAppeals/rules.cfm

You may reference the case and view the document online at
www.clerk.co.montgomery.oh.us/pro



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
WEDNESDAY, AUGUST 02, 2017 06:08:09 PM
CASE NUMBER: 2017 CV 02264 Docket ID: 31179513
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

August 2, 2017

Dear Customer:

The following is the proof-of-delivery for tracking number          **787321784021.**

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | D.SCHAUER | **Delivery location:** | 50 W BROAD ST SUITE 1330CO COR |
| **Service type:** | FedEx Express Saver | | COLUMBUS, OH 43215 |
| | | **Delivery date:** | Aug 2, 2017 09:38 |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 787321784021 | **Ship date:** | Jul 28, 2017 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

**Recipient:**
Attn: COMMUNITY EMERGENCY MEDICAL SE
COMMUNITY EMERGENCY MEDICAL SERVICE
50 W BROAD ST SUITE 1330CORPORATIO
COLUMBUS, OH 43215 US

**Shipper:**
GREGORY A. BRUSH
CLERK OF COURTS
41 N PERRY ST7ROOM 104
DAYTON, OH 45422 US

**Reference**                                                            2017 CV 02264

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
WEDNESDAY, AUGUST 02, 2017 06:08:11 PM
CASE NUMBER: 2017 CV 02284 Docket ID: 31179514
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

August 2, 2017

Dear Customer:

The following is the proof-of-delivery for tracking number          787321783595.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | D.SCHAUER | **Delivery location:** | 50 W BROAD ST SUITE 1330CO COR |
| **Service type:** | FedEx Express Saver | | COLUMBUS, OH 43215 |
| | | **Delivery date:** | Aug 2, 2017 09:38 |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 787321783595 | **Ship date:** | Jul 28, 2017 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

**Recipient:**
Attn:PARASTAR INC.
PARASTAR INC.
50 W BROAD ST SUITE 1330?CO CORPORA
COLUMBUS, OH 43215 US

**Shipper:**
GREGORY A. BRUSH
CLERK OF COURTS
41 N PERRY ST?ROOM 104
DAYTON, OH 45422 US

**Reference**                                           2017 CV 02264

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| DONELLA HOBBS, Individually And as the Executor of the Estate of Annette Owens | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number: 2017-CV-02264 |
| v. | ) | |
| | ) | |
| COMMUNITY EMERGENCY MEDICAL SERVICE, INC., et al. | ) ) | Judge Barbara P. Gorman |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

-----------------------------------------------------------

## NOTICE OF APPEARANCE OF COUNSEL

*PLEASE TAKE NOTICE* that the undersigned hereby enter their appearances as counsel of record for Defendant Community Emergency Medical Services, Inc. in the instant case (Case No.: 2017-CV-02264).

Respectfully submitted,

/s/ Jeremy R. Kopp
Jeremy R. Kopp, Esq.  (Bar No. 0090577)
James H. Gordon, Esq. (Bar No. 0068454)
Ansa Assuncao LLP
Two Miranova Place, Suite 300
Columbus, Ohio 43215
Phone: 614.441.8682
Fax:    614.441.4471
*Counsel    for    Defendant    Community Emergency Medical Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **NOTICE OF APPEARANCE OF COUNSEL** was filed with the Montgomery County Clerk of Court on the 17th day of August, 2017 and that the following parties were served via regular U.S. mail:

Stephen P. O'Keefe, Esquire
The O'KEEFE FIRM
7385 Far Hills Avenue
Dayton, Ohio 45459
*Counsel for Plaintiff Donella Hobbs*

/s/ Jeremy R. Kopp
JEREMY R. KOPP

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

**DONELLA HOBBS, Individually**           )
**And as the Executor of the Estate of**  )
**Annette Owens**                         )
                                          )
    **Plaintiff,**     )
                                          )    **Case Number: 2017-CV-02264**
**v.**                                    )
                                          )
**COMMUNITY EMERGENCY**                   )
**MEDICAL SERVICE, INC., et al.**         )    **Judge Barbara P. Gorman**
                                          )
    **Defendants.**    )
                                          )
                                          )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PROPOSED ORDER

Upon consideration of Defendant Community Emergency Medical Service, Inc.'s Motion for Leave to File Opposition to Plaintiff's Motion for Default Judgment, on this _____ day of _____, 2017, it is **ORDERED** that the Motion for Leave to File Opposition to Plaintiff's Motion for Default Judgment is **GRANTED**.

 

                                             _____

                                                Judge Barbara P. Gorman

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

|  |  |  |
|---|---|---|
| DONELLA HOBBS, Individually<br>And as the Executor of the Estate of<br>Annette Owens | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number: 2017-CV-02264 |
| v. | ) | |
| | ) | |
| COMMUNITY EMERGENCY | ) | |
| MEDICAL SERVICE, INC., et al. | ) | Judge Barbara P. Gorman |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMMUNITY EMERGENCY MEDICAL SERVICE, INC.'S MOTION FOR LEAVE TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Community Emergency Medical Service, Inc. ("CEMS"), by and through their undersigned counsel, and pursuant to Ohio Civil Rule 6(B), respectfully submits this Motion for Leave to File Opposition to Plaintiff's Motion for Default Judgment. In support of this Motion, CEMS states that CEMS's failure to timely oppose Plaintiff's Motion for Default Judgment was the result of excusable neglect.

Further, as discussed in CEMS's Opposition brief attached hereto as **Exhibit A**, Plaintiff's motion for default judgment was rendered moot by Plaintiff when she filed an amended complaint on July 27, 2017. Plaintiff has also yet to state a claim upon which relief can be granted because she failed to attach an affidavit of merit to her Complaint as required by Ohio Civil Rule 10(D)(2).

The additional grounds, citations, and authority for this Motion for Leave to File Opposition to Plaintiff's Motion for Default Judgment are contained in the attached Memorandum in Support and are incorporated herein by reference. For all the reasons stated in these

submissions, CEMS's Motion for Leave to File Opposition to Plaintiff's Motion for Default Judgment should be granted.

Respectfully submitted,

/s/ Jeremy R. Kopp
Jeremy R. Kopp, Esq. (Bar No. 0090577)
James H. Gordon, Esq. (Bar No. 0068454)
Ansa Assuncao LLP
Two Miranova Place, Suite 300
Columbus, Ohio 43215
Phone: 614.441.8682
Fax:    614.441.4471
*Counsel    for    Defendant    Community
Emergency Medical Services, Inc.*

## MEMORANDUM IN SUPPORT

**I.    INTRODUCTION**

On or about May 11, 2017, Plaintiff filed the instant action alleging claims of medical malpractice resulting in the death of Annette Owens.  On or about May 15, 2017, CEMS's registered agent, Corporation Service Company ("CSC"), was served with Plaintiff's summons and complaint ("the papers") by certified mail.  On or about May 17, 2017, CSC forwarded the papers to Dave Marshall, then chief administrator officer for CEMS.  At the time, Mr. Marshall was CEMS's point of contact with CSC and the person responsible for taking initial action upon receipt of legal documents from CSC.  (C. Barrett Aff. attached as **Ex. B** at ¶¶ 2-4).

By way of email, Mr. Marshall sent the papers to Cathy Noskowiak (Claims Supervisor for Hylant[1]) and carbon copied two others: (1) Shirley Potter (Claims Manager for CEMS); and (2) Lori McGuire, a colleague of Ms. Noskowiak's at Hylant.  (S. Potter Aff., attached as **Ex. C** at ¶¶ 1, 3-4).  The forwarding of legal documents, including the papers, to Ms. Noskowiak for action was routine practice.  (*Id.* at ¶ 5).  For reasons unknown, Ms. Noskowiak and Ms. McGuire never received the May 17, 2017 email from Mr. Marshall.  (*Id.* at ¶ 6).  As a safeguard, when copied on time sensitive emails, Ms. Potter's ordinary practice was to set Microsoft Outlook tasks as a reminder to follow up with Ms. Noskowiak's office to ensure action was initiated.  (*Id.* at ¶ 7).  Ms. Potter neglected to do so in this instance.  (*Id.* at ¶ 8).  Because Ms. Noskowiak never received the May 17, 2017 email from Mr. Marshall, legal counsel was not assigned at the time.

On or about July 12, 2017, Plaintiff filed a motion for default judgment against CEMS.[2]  Around the same time, in mid-July 2017, Marshall resigned from CEMS.  (C. Barrett Aff. at ¶ 2).

---

[1] Hylant is the local insurance agency for CEMS.

[2] Upon information and belief, Plaintiff's Motion for Default Judgment has not been ruled on by this Court.

3

Despite Marshall's resignation, he remained with CEMS in a consulting capacity and assisted with the transition of numerous responsibilities to Catherine Barrett, including the role of being CEMS's point of contact with CSC. (See C. Barrett Aff. *at* ¶¶ 3-4). This role was officially transitioned to Ms. Barrett on August 11, 2017. (*Id.* at ¶ 5). On or about the same day, Ms. Barrett received a piece of mail on her desk which included a copy of Plaintiff's motion for default judgment. (*Id.*) Ms. Barrett promptly began an internal investigation as to the specifics of the instant action and contacted Hylant for handling. (*Id.* at ¶ 6).

On or about August 14, 2017, Ms. Noskowiak was notified that she had previously been sent an email from Mr. Marshall on May 17, 2017 that included a copy of the papers. (C. Noskowiak Aff., attached as **Ex. D** at ¶ 2). After being so informed, Ms Noskowiak's (and Ms. Gibson's) email accounts were scoured; however, investigation revealed no sign of the email from Mr. Marshall. (*Id.* at ¶¶ 4-5).[3] On August 17, 2017, legal counsel was retained and an appearance was entered on this docket.

## II.    **ARGUMENT**

CEMS's failure to file a timely opposition to Plaintiff's motion for default judgment was the result of excusable neglect.

"Neglect under Civ.R. 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances." *Citizens Natl. Bank of SW Ohio v. Harrison*, 2016-Ohio-2746, 64 N.E3d 315, ¶ 17 (2nd. Dist.) (internal quotation omitted). "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on

---

[3] Review of a PDF version of Mr. Marshall's email revealed that both Ms. Noskowiak's and Ms. Gibson's email addresses had been entered correctly. (C. Noskowiak Aff. at ¶ 6).

4

their merits, where possible, rather than procedural grounds." *Id.* (internal quotation omitted). "In determining whether neglect is excusable, courts may consider the danger of prejudice to the [defendant], the length of delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the [defendant], and whether the [defendant] acted in good faith." *Id.* (internal quotations omitted). "[N]eglect is not excusable if it is an act of complete disregard for the judicial system." *E. Grace Communications, Inc. v. BestTransport.com, Inc.*, 7th Dist. Jefferson No. 02 JE 4, 2002-Ohio-7175, ¶ 13.

A series of events contributed to CEMS's failure to timely oppose Plaintiff's motion for default judgment including: (1) a rogue email that was lost in the Hylant servers; (2) the transition of duties from Mr. Marshall to Ms. Barrett to serve as CEMS's point of contact with CSC; and (3) a failure to set a Microsoft Outlook reminder to follow up on the papers. Such acts and/or omissions were the result of excusable neglect. *See e.g. Spicer v. Ace Property & Cas. Ins. Co.*, 5th Dist. Perry No. 03CA21, 2004-Ohio-6756 (Trial court did not abuse discretion in finding excusable neglect where "the process broke down in forwarding the complaint to the proper party" when there was "a total failure to even place the complaint into the system. . ."); *Colley v. Bazell*, 64 Ohio St.2d 243, 416 N.E.2d 605 (1980).

Had Ms. Noskowiak received the email from Mr. Marshall on May 17, 2017, she would have forwarded the papers to a claim handler for assignment of counsel. (C. Noskowiak Aff. at ¶ 8). After identifying its error, CEMS worked expeditiously and in good faith to retain counsel and appear in this case. *Harrison*, 64 N.E3d 315 at ¶ 17. CEMS's conduct falls well short of a "complete disregard for the judicial system." *E. Grace Communications, Inc*, 2002-Ohio-7175 at ¶ 13. Finally, despite the 23-day delay in filing, Plaintiff will not be prejudiced if this Court

5

entertains CEMS's Opposition. *Harrison*, 64 N.E3d 315 at ¶ 17. As such, CEMS's motion for leave should be granted. *See* Ohio Civil Rule 6(B).

## III.  CONCLUSION

For the foregoing reasons, CEMS respectfully requests that this Court grant its Motion for Leave to File Opposition to Plaintiff's Motion for Default Judgment. CEMS's Opposition is attached as Exhibit A.

Respectfully submitted,

/s/ Jeremy R. Kopp

Jeremy R. Kopp, Esq. (Bar No. 0090577)
James H. Gordon, Esq. (Bar No. 0068454)
Ansa Assuncao LLP
Two Miranova Place, Suite 300
Columbus, Ohio 43215
Phone: 614.441.8682
Fax:    614.441.4471
*Counsel    for    Defendant    Community*
*Emergency Medical Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **Motion for Leave to File Opposition to Plaintiff's Motion for Default** was filed with the Montgomery County Clerk of Court on the 18th day of August, 2017 and that the following parties were served via regular U.S. mail:

Stephen P. O'Keefe, Esquire
The O'KEEFE FIRM
7385 Far Hills Avenue
Dayton, Ohio 45459
*Counsel for Plaintiff Donella Hobbs*

/s/ Jeremy R. Kopp
JEREMY R. KOPP

# Exhibit "A"

# IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY OHIO
### CIVIL DIVISION

| | | |
|---|---|---|
| DONELLA HOBBS, Individually<br>And as the Executor of the Estate of<br>Annette Owens | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case Number: 2017-CV-02264** |
| v. | ) | |
| | ) | |
| COMMUNITY EMERGENCY | ) | |
| MEDICAL SERVICE, INC., et al. | ) | **Judge Barbara P. Gorman** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMMUNITY EMERGENCY MEDICAL SERVICE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Community Emergency Medical Service, Inc. ("CEMS"), by and through its undersigned counsel, respectfully submits this Opposition to Plaintiff Donella Hobbs' (hereinafter "Plaintiff") Motion for Default Judgment.

## INTRODUCTION AND RELEVANT FACTS

On or about May 11, 2017, Plaintiff filed the instant action alleging claims of medical malpractice resulting in the death of Annette Owens. On or about May 15, 2017, CEMS's registered agent, Corporation Service Company ("CSC"), was served with Plaintiff's summons and complaint ("the papers") by certified mail. On or about May 17, 2017, CSC forwarded the papers to Dave Marshall, then chief administrator officer for CEMS. At the time, Mr. Marshall was CEMS's point of contact with CSC and the person responsible for taking initial action upon receipt of legal documents from CSC. (C. Barrett Aff. attached as **Ex. A** at ¶¶ 2-4).

By way of email, Mr. Marshall sent the papers to Cathy Noskowiak (Claims Supervisor for Hylant[1]) and carbon copied two others: (1) Shirley Potter (Claims Manager for CEMS); and (2) Lori McGuire, a colleague of Ms. Noskowiak's at Hylant. (S. Potter Aff., attached as **Ex. B** at ¶¶ 1, 3-4). The forwarding of legal documents, including the papers, to Ms. Noskowiak for action was routine practice. (*Id.* at ¶ 5). For reasons unknown, Ms. Noskowiak and Ms. McGuire never received the May 17, 2017 email from Mr. Marshall. (*Id.* at ¶ 6). As a safeguard, when copied on time sensitive emails, Ms. Potter's ordinary practice was to set Microsoft Outlook tasks as a reminder to follow up with Ms. Noskowiak's office to ensure action was initiated. (*Id.* at ¶ 7). Ms. Potter neglected to do so in this instance. (*Id.* at ¶ 8). Because Ms. Noskowiak never received the May 17, 2017 email from Mr. Marshall, legal counsel was not assigned at the time.

On or about July 12, 2017, Plaintiff filed a motion for default judgment against CEMS.[2] Around the same time, in mid-July 2017, Marshall resigned from CEMS. (C. Barrett Aff. at ¶ 2). Despite Marshall's resignation, he remained with CEMS in a consulting capacity and assisted with the transition of numerous responsibilities to Catherine Barrett, including the role of being CEMS's point of contact with CSC. (*Id.* at ¶¶ 3-4). This role was officially transitioned to Ms. Barrett on August 11, 2017. (*Id.* at ¶ 5). On or about the same day, Ms. Barrett received a piece of mail on her desk which included a copy of Plaintiff's motion for default judgment. (*Id.*) Ms. Barrett promptly began an internal investigation as to the specifics of the instant action and contacted Hylant for handling. (*Id.* at ¶ 6).

On or about August 14, 2017, Ms. Noskowiak was notified that she had previously been sent an email from Mr. Marshall on May 17, 2017 that included a copy of the papers. (C. Noskowiak Aff., attached as **Ex. C** at ¶ 2). After being so informed, Ms Noskowiak's (and Ms.

---

[1] Hylant is the local insurance agency for CEMS.
[2] Upon information and belief, Plaintiff's Motion for Default Judgment has not been ruled on by this Court.

2

Gibson's) email accounts were scoured; however, investigation revealed no sign of the email from Mr. Marshall. (*Id.* at ¶¶ 4-5).[3] On August 17, 2017, legal counsel was retained and an appearance was entered on this docket.

Plaintiff's Motion for Default Judgment should be denied because: (1) Plaintiff's amended complaint, filed on July 27, 2017, superseded her original complaint and the motion for default judgment premised upon her original complaint is now moot; (2) Plaintiff's motion for default judgment is futile because Plaintiff failed to state a claim upon which relief can be granted when she failed to file an affidavit of merit with her original complaint as required by Civil Rule 10(D)(2); and (3) CEMS's failure to file an answer and/or responsive pleading to Plaintiff's original complaint was the result of excusable neglect.

## ARGUMENT

### A. Plaintiff's Motion for Default Judgment, Which Sought Relief on Her Original Complaint, Was Rendered Moot when She Filed her Amended Complaint on July 27, 2017.

A pending default judgment motion premised on a defendant's failure to answer an original complaint is rendered moot when, before judgment is entered by a court, the plaintiff files an amended complaint.

"The substitution of an amended complaint for an earlier one ordinarily constitutes an abandonment of the earlier pleading and a reliance upon the amended one." *Harris v. Wilkinson*, 10th Dist. Franklin No. 05AP-442, 2005-Ohio-6104, ¶ 16; *see also Schaffer v. Huntington Natl. Bank*, 9th Dist. Lorain No. 14CA010574, 2015-Ohio-207, ¶ 5 ("The filing of an amended complaint supplants the original or any prior complaint."). Upon filing of an amended complaint, pending motions premised on the original complaint are rendered moot. *See Everhome Mgte. Co.*

---

[3] Review of a PDF version of Mr. Marshall's email revealed that both Ms. Noskowiak's and Ms. Gibson's email addresses had been entered correctly. (C. Noskowiak Aff. at ¶ 6).

*v. Baker*, 10th Dist. Franklin No. 10AP-534, 2011-Ohio-3303, ¶ 25 ("A motion to dismiss an original complaint is rendered moot by subsequent filing of an amended complaint.") (internal citations omitted); *see also Ross v. Jones*, 12th Dist. Butler No. 87-10-135, 1988 WL 71624, * 4 (June 30, 1988) ("While appellee . . . may have been in default for failing to answer the original complaint, such complaint was, at the time of the entry of default judgment, superceded (sic) and completely replaced by the amended complaint.").

Here, Plaintiff filed her original complaint on May 11, 2017. Thereafter, Plaintiff filed a motion for default judgment against CEMS on July 12, 2017. On July 27, 2017, prior to this Court ruling on her motion for default judgment, Plaintiff filed her amended complaint. In doing so, Plaintiff abandoned her original complaint. *Harris*, 2005-Ohio-6104 ay ¶ 16; *Schaffer*, 2015-Ohio-207 at ¶ 5. Because Plaintiff's original complaint was abandoned or otherwise supplanted by the filing of her amended complaint, Plaintiff's motion for default judgment, which was premised on CEMS's failure to plead to Plaintiff's original complaint, is rendered moot. *See Everhome Mgte. Co.*, 2011-Ohio-3303 at ¶ 25; *Ross*, 1988 WL 71624 at * 4. Plaintiff's motion for default judgment against CEMS should be denied on this basis alone.

### B. Plaintiff's Motion for Default Judgment Is Futile Because Plaintiff Failed to Attach an Affidavit of Merit to Her Original Complaint and Her Original Complaint Fails to State a Claim Upon Which Relief can be Granted.

"The purpose of an affidavit of merit is to establish the adequacy of a plaintiff's medical malpractice complaint and to deter the filing of frivolous claims . . ." *Smith v. Doshi*, 2nd Dist. Montgomery No. 25474, 2013-Ohio-3049, at ¶ 10 (internal citation omitted). "Thus, when a plaintiff fails to attach an affidavit of merit, as required by Civ.R. 10(D)(2), the proper remedy is dismissal for failure to state a claim. *Id.* Furthermore, a party's "[f]ailure to respond to a complaint which does not state a claim upon which relief can be granted should not result in a default

4

judgment against the defendant." *Beach Body Tanning, Inc. v. Kovach*, 8th Dist. Cuyahoga No. 85142, 2005-Ohio-2629, at ¶ 26. "A plaintiff still needs to allege a valid claim in order to prevail, even against a neglectful defendant." *Id.*

Here, Plaintiff's original complaint filed on May 11, 2017 was completely devoid of the required affidavit of merit and, as such, Plaintiff failed to state a claim upon which relief can be granted. *Doshi*, 2013-Ohio-3049 at ¶ 10. Because the Complaint failed to state a claim upon which relief can be granted, CEMS's failure to respond to the inadequate complaint should not result in a default judgment against CEMS. *See Beach Body Tanning, Inc.*, 2005-Ohio-2629 at ¶ 26. Plaintiff's Motion for Default Judgment should be denied.

### C. CEMS' Failure to Plead or Otherwise Defend Itself Against Plaintiff's Complaint Was the Result of Excusable Neglect.

Even if Plaintiff's motion for default judgment is not moot and, even if Plaintiff's original complaint did state a claim upon which relief can be granted, CEMS's failure to file a responsive pleading was the result of excusable neglect.

"Neglect under Civ.R. 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances." *Citizens Natl. Bank of SW Ohio v. Harrison*, 2016-Ohio-2746, 64 N.E3d 315, ¶ 17 (2nd. Dist.) (internal quotation omitted). "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *Id.* (internal quotation omitted). "In determining whether neglect is excusable, courts may consider the danger of prejudice to the [defendant], the length of delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the [defendant], and whether the [defendant] acted in good faith." *Id.* (internal quotations omitted). "[N]eglect is not excusable

5

if it is an act of complete disregard for the judicial system." *E. Grace Communications, Inc. v. BestTransport.com, Inc.*, 7th Dist. Jefferson No. 02 JE 4, 2002-Ohio-7175, ¶ 13.

A series of events contributed to CEMS's failure to timely oppose Plaintiff's original complaint including: (1) a rogue email that was inexplicably lost in the Hylant servers; (2) the transition of duties from Mr. Marshall to Ms. Barrett to serve as CEMS's point of contact with CSC; and (3) a failure to set a Microsoft Outlook reminder to follow up on the papers. Such acts and/or omissions were the result of excusable neglect. *See e.g. Spicer v. Ace Property & Cas. Ins. Co.*, 5th Dist. Perry No. 03CA21, 2004-Ohio-6756 (Trial court did not abuse discretion in finding excusable neglect where "the process broke down in forwarding the complaint to the proper party" when there was "a total failure to even place the complaint into the system. . ."); *Colley v. Bazell*, 64 Ohio St.2d 243, 416 N.E.2d 605 (1980).

Had Ms. Noskowiak received the email from Mr. Marshall on May 17, 2017, she would have forwarded the papers to a claim handler for assignment of counsel. (C. Noskowiak Aff. at ¶ 8). After identifying its error, CEMS worked expeditiously and in good faith to retain counsel and appear in this case. *Harrison*, 64 N.E3d 315 at ¶ 17. CEMS's conduct falls well short of a "complete disregard for the judicial system." *E. Grace Communications, Inc*, 2002-Ohio-7175 at ¶ 13. Finally, despite the delay in filing, Plaintiff will not be prejudiced if this Court allows CEMS to file a responsive pleading. *Harrison*, 64 N.E3d 315 at ¶ 17.

Finally, Ohio Courts have routinely observed that "matters involving large sums of money should not be determined by default judgments if it can reasonably be avoided." *Wilson v. Lee*, 172 Ohio App.3d 791, 2007-Ohio-4542, 876 N.E.2d 1312, ¶ 15 (2nd Dist.) (internal quotations omitted). Plaintiff has asserted wrongful death and survival claims sounding in medical malpractice which, if proven at trial, could entitle Plaintiff to a large amount of damages. Due to

6

the circumstances discussed above, default judgment should be avoided and CEMS should be given the opportunity to defend this matter on its merits. As such, Plaintiff's motion for default judgment should be denied.

## CONCLUSION

Based on the forgoing, Plaintiff's Motion for Default Judgment should be denied.

Respectfully submitted,

/s/ Jeremy R. Kopp
Jeremy R. Kopp, Esq. (Bar No. 0090577)
James H. Gordon, Esq. (Bar No. 0068454)
Ansa Assuncao LLP
Two Miranova Place, Suite 300
Columbus, Ohio 43215
Phone: 614.441.8682
Fax:    614.441.4471
*Counsel for Defendant Community Emergency Medical Services, Inc.*

# EXHIBIT A

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

DONELLA HOBBS, Individually     )
And as the Executor of the Estate of     )
Annette Owens     )
    )
    Plaintiff,     )
    )
    )     Case Number: 2017-CV-02264
v.     )
    )
COMMUNITY EMERGENCY     )
MEDICAL SERVICE, INC., et al.     )     Judge Barbara P. Gorman
    )
    Defendants.     )
    )
    )

## AFFIDAVIT OF CATHERINE BARRETT

STATE OF MICHIGAN     )
    )SS
COUNTY OF Oakland     )

I, Catherine Barrett, first being duly sworn, depose and state that I am over eighteen (18) years of age, I am competent to give this affidavit, and I have personal knowledge of the matters set forth herein except as specifically noted otherwise.

1.     I am the Executive Vice President of Business Administration with responsibility for various oversight duties for Community Emergency Medical Service, Inc. ("CEMS").

2.     In mid-July 2017, Dave Marshall, the individual responsible for taking initial action upon receipt of legal documents from our registered agent, Corporation Service Company ("CSC"), resigned.

3.     Despite his resignation, Mr. Marshall remained in a consulting capacity and assisted with the transition of numerous responsibilities to myself.

4.     Amongst these responsibilities, were to serve as the point of contact for CSC.

5.      This aspect of the transition did not occur until August 11, 2017.  On or about the same day, I received mail that included a copy of a motion for default judgment filed by the plaintiff in the instant case.

6.      I promptly began an internal investigation as to the specifics of the underlying action.  On August 10, 2017, I contacted a Hylant representative, the insurance agent for CEMS, notifying her of the original May, 2017, filing and service of the Complaint in the instant case.

FURTHER AFFIANT SAYETH NAUGHT.


_____
Catherine Barrett

Sworn to before me and subscribed in my presence this ___ day of _____ 2017.


_____
Notary Public


SHAYLA SASS
Notary Public - Michigan
Livingston County
My Commission Expires Jul 10, 2019
Acting in the County of _____

2

**EXHIBIT B**

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| DONELLA HOBBS, Individually<br>And as the Executor of the Estate of<br>Annette Owens | ) ) ) ) | |
| Plaintiff, | ) ) | Case Number: 2017-CV-02264 |
| v. | ) ) | |
| COMMUNITY EMERGENCY<br>MEDICAL SERVICE, INC., et al. | ) ) | Judge Barbara P. Gorman |
| Defendants. | ) ) ) ) | |

<u>AFFIDAVIT OF SHIRLEY F. POTTER</u>

| | |
|---|---|
| STATE OF MICHIGAN | } |
| | }SS |
| COUNTY OF OAKLAND | } |

I, Shirley F. Potter, first being duly sworn, depose and state that I am over eighteen (18) years of age, I am competent to give this affidavit, and I have personal knowledge of the matters set forth herein except as specifically noted otherwise.

1. I am the Claims Manager with oversight responsibility for litigation involving Community Emergency Medical Service, Inc.

2. I am familiar with the procedures and safeguards that Community Emergency Service, Inc. ("CEMS") follows to ensure that legal documents are forwarded timely to the correct individuals and/or departments within CEMS as well as timely notice being provided to the correct insurance representatives.

3. On May 17, 2017, I was carbon copied on an email from Dave Marshall, Chief Administrative Officer of CEMS. The email was directed to Cathy Noskowiak, of Hylant and

also copied Lori Gibson, Ms. Noskowiak's colleague. Hylant is the Insurance Agency for Community Emergency Medical Service, Inc.

4.    The email attached the Complaint for the instant action.

5.    The forwarding of the Complaint to Ms. Noskowiak for action was routine practice.

6.    Per my recent discussion with Ms. Noskowiak, and for reasons unknown, Ms. Noskowiak's office never received the May 17, 2017 email from Mr. Marshall, including the attached Complaint.

7.    As a safeguard, my ordinary practice would be to set Microsoft Outlook tasks as a reminder to follow up with Ms. Noskowiak's office as to the assignment of an adjuster as well as assignment of counsel.

8.    A review of my Microsoft Outlook Calendar tasks list, conducted earlier this week, reveals that I neglected to do so in this instance.

FURTHER AFFIANT SAYETH NAUGHT.


_____
Shirley F. Potter

Sworn to before me and subscribed in my presence this 18th day of August 2017.


_____
Notary Public

SONIA M. MULLINS
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Feb 22, 2018
ACTING IN COUNTY OF Oakland

2

**EXHIBIT C**

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

| | |
|---|---|
| DONELLA HOBBS, Individually<br>And as the Executor of the Estate of<br>Annette Owens<br><br>     Plaintiff,<br><br>v.<br><br>COMMUNITY EMERGENCY<br>MEDICAL SERVICE, INC., et al.<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)    Case Number: 2017-CV-02264<br>)<br>)<br>)<br>)    Judge Barbara P. Gorman<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF CATHY NOSKOWIAK

STATE OF OHIO     }
              }SS
COUNTY OF FRANKLIN   }

    I, Cathy Noskowiak, first being duly sworn, depose and state that I am over eighteen (18) years of age, I am competent to give this affidavit, and I have personal knowledge of the matters set forth herein except as specifically noted otherwise.

    1.    I am a Claims Supervisor for Hylant, the insurance broker for Community Emergency Medical Service, Inc. ("CEMS").

    2.    On August 14, 2017, I was notified that I had previously been sent an email on May 17, 2017 that included a copy of the complaint for the instant action. The email had purportedly been sent by Dave Marshall, then Chief Administrative Officer for CEMS.

    3.    The email was purportedly simultaneously sent to my colleague, Lori Gibson.

    4.    After being so informed, Ms. Gibson and my email accounts were scoured for the May 17, 2017 email.

5.      Investigation revealed no sign of the May 17, 2017 email from Mr. Marshall.

6.      A PDF version of Mr. Marshall's email provided by Shirley Potter, the Director of Insurance and Claims for Beaumont Health, reveals that Mr. Marshall's email contains the correct address for both myself and Ms. Gibson.

7.      I am without explanation as to why this email was never received by my office.

8.      Had this email been received, standard practice would have called for my forwarding of it to a claim handler at VFIS for handling and assignment of counsel.

9.      This did not occur as I was unaware of any legal action prior to being informed on Friday, August 11, 2017.

FURTHER AFFIANT SAYETH NAUGHT.

Cathy Noskowiak

Sworn to before me and subscribed in my presence this _18_ day of _August_ 2017.

MONICA MILLS
Notary Public, State of Ohio
My Commission Expires 04-03-2022

Monica Mills
Notary Public

2

# Exhibit "B"

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

DONELLA HOBBS, Individually )
And as the Executor of the Estate of )
Annette Owens )
           )
      Plaintiff, )
           )    Case Number: 2017-CV-02264
v. )
           )
COMMUNITY EMERGENCY )
MEDICAL SERVICE, INC., et al. )    Judge Barbara P. Gorman
           )
      Defendants. )
           )
           )

## AFFIDAVIT OF CATHERINE BARRETT

STATE OF MICHIGAN    }
                 }SS
COUNTY OF _Oakland_  }

I, Catherine Barrett, first being duly sworn, depose and state that I am over eighteen (18)

years of age, I am competent to give this affidavit, and I have personal knowledge of the matters

set forth herein except as specifically noted otherwise.

1.    I am the Executive Vice President of Business Administration with responsibility

for various oversight duties for Community Emergency Medical Service, Inc. ("CEMS").

2.    In mid-July 2017, Dave Marshall, the individual responsible for taking initial

action upon receipt of legal documents from our registered agent, Corporation Service Company

("CSC"), resigned.

3.    Despite his resignation, Mr. Marshall remained in a consulting capacity and

assisted with the transition of numerous responsibilities to myself.

4.    Amongst these responsibilities, were to serve as the point of contact for CSC.

5.      This aspect of the transition did not occur until August 11, 2017.  On or about the same day, I received mail that included a copy of a motion for default judgment filed by the plaintiff in the instant case.

6.      I promptly began an internal investigation as to the specifics of the underlying action.  On August 10, 2017, I contacted a Hylant representative, the insurance agent for CEMS, notifying her of the original May, 2017, filing and service of the Complaint in the instant case.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Catherine Batrett

Sworn to before me and subscribed in my presence this ___ day of _____ 2017.

_____
Notary Public

SHAYLA SASS
Notary Public - Michigan
Livingston County
My Commission Expires Jul 10, 2019
Acting in the County of _____

2

# Exhibit "C"

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| DONELLA HOBBS, Individually | ) | |
| And as the Executor of the Estate of | ) | |
| Annette Owens | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number: 2017-CV-02264 |
| v. | ) | |
| | ) | |
| COMMUNITY EMERGENCY | ) | |
| MEDICAL SERVICE, INC., et al. | ) | Judge Barbara P. Gorman |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## AFFIDAVIT OF SHIRLEY F. POTTER

| | |
|---|---|
| STATE OF MICHIGAN | } |
| | }SS |
| COUNTY OF OAKLAND | } |

I, Shirley F. Potter, first being duly sworn, depose and state that I am over eighteen (18) years of age, I am competent to give this affidavit, and I have personal knowledge of the matters set forth herein except as specifically noted otherwise.

1.      I am the Claims Manager with oversight responsibility for litigation involving Community Emergency Medical Service, Inc.

2.      I am familiar with the procedures and safeguards that Community Emergency Service, Inc. ("CEMS") follows to ensure that legal documents are forwarded timely to the correct individuals and/or departments within CEMS as well as timely notice being provided to the correct insurance representatives.

3.      On May 17, 2017, I was carbon copied on an email from Dave Marshall, Chief Administrative Officer of CEMS. The email was directed to Cathy Noskowiak, of Hylant and

also copied Lori Gibson, Ms. Noskowiak's colleague. Hylant is the Insurance Agency for Community Emergency Medical Service, Inc.

4.    The email attached the Complaint for the instant action.

5.    The forwarding of the Complaint to Ms. Noskowiak for action was routine practice.

6.    Per my recent discussion with Ms. Noskowiak, and for reasons unknown, Ms. Noskowiak's office never received the May 17, 2017 email from Mr. Marshall, including the attached Complaint.

7.    As a safeguard, my ordinary practice would be to set Microsoft Outlook tasks as a reminder to follow up with Ms. Noskowiak's office as to the assignment of an adjuster as well as assignment of counsel.

8.    A review of my Microsoft Outlook Calendar tasks list, conducted earlier this week, reveals that I neglected to do so in this instance.

FURTHER AFFIANT SAYETH NAUGHT.


_____
Shirley F. Potter

Sworn to before me and subscribed in my presence this 18th day of August 2017.


_____
Notary Public

SONIA M. MULLINS
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Feb 22, 2018
ACTING IN COUNTY OF Oakland

2

# Exhibit "D"

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

DONELLA HOBBS, Individually )
And as the Executor of the Estate of )
Annette Owens )
 )
 Plaintiff, )
 )          Case Number: 2017-CV-02264
v. )
 )
COMMUNITY EMERGENCY )
MEDICAL SERVICE, INC., et al. )          Judge Barbara P. Gorman
 )
 Defendants. )
 )
 )

## AFFIDAVIT OF CATHY NOSKOWIAK

STATE OF OHIO }
 }SS
COUNTY OF FRANKLIN }

I, Cathy Noskowiak, first being duly sworn, depose and state that I am over eighteen (18) years of age, I am competent to give this affidavit, and I have personal knowledge of the matters set forth herein except as specifically noted otherwise.

1. I am a Claims Supervisor for Hylant, the insurance broker for Community Emergency Medical Service, Inc. ("CEMS").

2. On August 14, 2017, I was notified that I had previously been sent an email on May 17, 2017 that included a copy of the complaint for the instant action. The email had purportedly been sent by Dave Marshall, then Chief Administrative Officer for CEMS.

3. The email was purportedly simultaneously sent to my colleague, Lori Gibson.

4. After being so informed, Ms. Gibson and my email accounts were scoured for the May 17, 2017 email.

5.       Investigation revealed no sign of the May 17, 2017 email from Mr. Marshall.

6.       A PDF version of Mr. Marshall's email provided by Shirley Potter, the Director of Insurance and Claims for Beaumont Health, reveals that Mr. Marshall's email contains the correct address for both myself and Ms. Gibson.

7.       I am without explanation as to why this email was never received by my office.

8.       Had this email been received, standard practice would have called for my forwarding of it to a claim handler at VFIS for handling and assignment of counsel.

9.       This did not occur as I was unaware of any legal action prior to being informed on Friday, August 11, 2017.

FURTHER AFFIANT SAYETH NAUGHT.

Cathy Noskowiak

Sworn to before me and subscribed in my presence this _18_ day of _August_ 2017.

MONICA MILLS
Notary Public, State of Ohio
My Commission Expires 04-03-2022 Notary Public

*Monica Mills*

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, August 21, 2017 11:16:08 AM
CASE NUMBER: 2017 CV 02264 Docket ID: 31243094
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY OHIO
### CIVIL DIVISION

| | | |
|---|---|---|
| **DONELLA HOBBS, Individually**<br>**And as the Executor of the Estate of**<br>**Annette Owens** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) ) | **Case Number: 2017-CV-02264** |
| **v.** | ) ) | |
| **COMMUNITY EMERGENCY**<br>**MEDICAL SERVICE, INC., et al.** | ) ) | **Judge Barbara P. Gorman** |
| | ) | |
| **Defendants.** | ) ) ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PROPOSED ORDER

Upon consideration of Defendant Community Emergency Medical Service, Inc.'s Motion for Leave to File Opposition to Plaintiff's Motion for Default Judgment, on this ____ day of _____, 2017, it is **ORDERED** that the Motion for Leave to File Opposition to Plaintiff's Motion for Default Judgment is **GRANTED**.

_____
Judge Barbara P. Gorman



General Divison

Montgomery County Common Pleas Court

41 N. Perry Street, Dayton, Ohio 45422

**Type:**         Order:

**Case Number:**  2017 CV 02264

**Case Title:**   DONELLA  HOBBS vs COMMUNITY EMERGENCY MEDICAL
                  SERVICE INC

So Ordered

*Barbora Peglecie Gorman*

Electronically signed by bgorman on 2017-08-21 11:16:17      page 2 of 2

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

| | |
|---|---|
| **DONELLA HOBBS, Individually**<br>**And as the Executor of the Estate of**<br>**Annette Owens** | ) <br> ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> )     **Case Number: 2017-CV-02264** |
| **v.** | ) <br> ) |
| **COMMUNITY EMERGENCY**<br>**MEDICAL SERVICE, INC., et al.** | ) <br> )     **Judge Barbara P. Gorman** |
| **Defendants.** | ) <br> ) <br> ) <br> ) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PROPOSED ORDER

Upon consideration of Defendant Community Emergency Medical Service, Inc.'s Motion

to Dismiss, on this _____ day of _____, 2017, it is **ORDERED** that the Motion

Dismiss is **GRANTED** and Plaintiff's Amended Complaint is hereby **DISMISSED WITHOUT**

**PREJUDICE**.

 

                                          _____

                                            Judge Barbara P. Gorman

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

| | |
|---|---|
| **DONELLA HOBBS, Individually**<br>**And as the Executor of the Estate of**<br>**Annette Owens**<br><br>　　　**Plaintiff,**<br><br>**v.**<br><br>**COMMUNITY EMERGENCY**<br>**MEDICAL SERVICE, INC., et al.**<br><br>　　　**Defendants.** | )<br>)<br>)<br>)<br>)<br>)　**Case Number: 2017-CV-02264**<br>)<br>)<br>)<br>)　**Judge Barbara P. Gorman**<br>)<br>)<br>) |

## COMMUNITY EMERGENCY MEDICAL SERVICE, INC.'S MOTION TO DISMISS

Pursuant to Ohio Rules of Civil Procedure 12(b)(6) and 10(D)(2), Defendant Community Emergency Medical Service, Inc. ("CEMS"), by and through its undersigned counsel, hereby moves this Court for an order dismissing without prejudice the Amended Complaint filed by Plaintiff Donella Hobbs ("Plaintiff") for failure to state a claim upon which relief can be granted against CEMS. In support of this Motion to Dismiss, CEMS states:

1.　　　Ohio Rule of Civil Procedure 10(D)(2) imposes a heightened pleading requirement on parties bringing medical claims and requires plaintiffs to attach an affidavit of merit to their complaint.

2.　　　The proper remedy for a plaintiff's failure to comply with Civil Rule 10(D)(2) is dismissal for failure to state a claim upon which relief can be granted.

3.　　　Plaintiff failed to comply with the requirements of Civil Rule 10(D)(2) when she filed her Amended Complaint with this Court on July 27, 2017 without an affidavit of merit.

1

4.    For these reasons, Plaintiff's Amended Complaint must be dismissed without prejudice.

5.    Alternatively, pursuant to Ohio Rule of Civil Procedure 12(E), CEMS moves for a definite statement from Plaintiff before interposing a responsive pleading.

The additional grounds, citations, and authority for this Motion to Dismiss are contained in the attached Memorandum in Support of CEMS's Motion to Dismiss and are incorporated herein by reference.  For all the reasons stated in these submissions, CEMS's Motion to Dismiss should be granted and Plaintiff's Amended Complaint should be dismissed without prejudice. Alternatively, CEMS requests that this Court Order that Plaintiff provide CEMS with a definite statement.

Respectfully submitted,


/s/ Jeremy R. Kopp
Jeremy R. Kopp, Esq.  (Bar No. 0090577)
James H. Gordon, Esq. (Bar No. 0068454)
Ansa Assuncao LLP
Two Miranova Place, Suite 300
Columbus, Ohio 43215
Phone: 614.441.8682
Fax:    614.441.4471
*Counsel     for     Defendant     Community
Emergency Medical Services, Inc.*

2

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| DONELLA HOBBS, Individually | ) | |
| And as the Executor of the Estate of | ) | |
| Annette Owens | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number: 2017-CV-02264 |
| v. | ) | |
| | ) | |
| COMMUNITY EMERGENCY | ) | |
| MEDICAL SERVICE, INC., et al. | ) | Judge Barbara P. Gorman |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Community Emergency Medical Service, Inc. ("CEMS"), by and through its undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss pursuant to Ohio Rules of Civil Procedure 12(b)(6) and 10(D)(2).

### I.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff Donella Hobbs, Individually and as the Executor of the Estate of Annette Owens, ("Plaintiff"), filed the instant action on or about May 11, 2017 naming CEMS as the lone defendant. In her original complaint, Plaintiff asserted wrongful death and survival claims sounding in medical malpractice; however Plaintiff did not attach an affidavit of merit to her Complaint as required by Civil Rule 10(D)(2). On or about May 16, 2017, Plaintiff was granted a ninety (90) day extension to file an affidavit of merit making the affidavit of merit due on or about August 10, 2017.

On July 27, 2017, Plaintiff filed an Amended Complaint naming Parastar, Inc. ("Parastar") as an additional defendant.[1] Once again, Plaintiff failed to attach the required affidavit of merit to her Amended Complaint. On or about July 28, 2017, Plaintiff was granted another ninety day extension to file her affidavit of merit.

At this juncture, Plaintiff's failure to attach an affidavit of merit renders Plaintiff unable to state any claim entitling her to relief. For this reason, pursuant to Ohio Civil Rule 12(b)(6), this Court should dismiss Plaintiff's Amended Complaint against CEMS without prejudice.

## II.   LEGAL ARGUMENT

### A.   Legal Standard: Motion to Dismiss Medical Malpractice Complaint Under Rule 12(b)(6).

"The purpose of an affidavit of merit is to establish the adequacy of a plaintiff's medical malpractice complaint and to deter the filing of frivolous claims . . ." *Smith v. Doshi*, 2nd Dist. Montgomery No. 25474, 2013-Ohio-3049, at ¶ 10 (internal citation omitted); *Fletcher v. Univ Hosps. Of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 12 ("[T]he very purpose of Civ.R. 10(D)(2) is to place a heightened pleading requirement on parties bringing medical claims."). "[W]hen a plaintiff is under a heightened pleading requirement due to important policy considerations warranting a limitation on the number of claims, the plaintiff cannot survive a motion to dismiss through the mere incantation of an abstract legal standard." *Fletcher* at ¶ 14 (internal quotations omitted). "Thus, when a plaintiff fails to attach an affidavit of merit, as required by Civ.R. 10(D)(2), the proper remedy is dismissal for failure to state a claim." *Doshi* at ¶ 10. A dismissal for "failure to comply with Civ.R. 10(D)(2) is without prejudice because it is an adjudication otherwise than on the merits." *Fletcher* at ¶ 20.

---

[1] Substantively, the Amended Complaint was identical to the original complaint filed on May 11, 2017 with the exception of paragraph three (3) describing Parastar's corporate status.

**B. Plaintiff's Amended Complaint Fails to State a Claim Under Rule 12(b)(6).**

Here, Plaintiff's Amended Complaint filed on July 27, 2017 was completely devoid of the required affidavit of merit. Because Plaintiff's Amended Complaint sounding in medical malpractice "cannot survive a motion to dismiss through the mere incantation of an abstract legal standard," Plaintiff's Amended Complaint should be dismissed without prejudice. *Fletcher* at ¶ 14; *see also Doshi* at ¶ 10.

**C. Alternatively, Plaintiff Should be Required to Provide a Definite Statement Prior to CEMS Interposing a Responsive Pleading.**

Ohio Rule of Civil Procedure 12(E) states "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading." In her Amended Complaint, Plaintiff asserts in conclusory fashion that "Defendants fell below the accepted standards of transportation care in providing appropriate attention and treatment to Annette Owens" and that "Defendants negligently[] failed to prevent a fall which directly resulted in serious injury. . ." (Am Compl. at ¶¶ 6-7).

Plaintiff fails to articulate what the "accepted standards of transportation care" call for while CEMS was transporting Ms. Owens, nor does Plaintiff set forth the specific acts and/or omissions by CEMS or its employees that resulted in injury to Ms. Owens.[2] Absent this basic information, CEMS remains in the dark as to what duty (if any) CEMS owed to Ms. Owens and how, if at all, CEMS breached its duty to Ms. Owens. Therefore, should this Court deny CEMS's

---

[2] Such information is routinely presented in an affidavit of merit and attached to a litigant's complaint.

3

Motion to Dismiss, in the alternative, Plaintiff should be required to provide CEMS a definite statement pursuant to Civil Rule 12(E) prior to CEMS interposing its responsive pleading.

### III.    CONCLUSION

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. CEMS respectfully requests that this Court grant its Motion to Dismiss and dismiss the Complaint against it without prejudice. Alternatively, CEMS requests that this Court require Plaintiff to provide a definite statement prior to CEMS interposing its responsive pleading.

Respectfully submitted,


/s/ Jeremy R. Kopp
Jeremy R. Kopp, Esq.  (Bar No. 0090577)
James H. Gordon, Esq. (Bar No. 0068454)
Ansa Assuncao LLP
Two Miranova Place, Suite 300
Columbus, Ohio 43215
Phone: 614.441.8682
Fax:    614.441.4471
*Counsel    for    Defendant    Community
Emergency Medical Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Motion to

Dismiss was filed with the Montgomery County Clerk of Court on the 21st day of August, 2017

and that the following parties were served with an electronic copy via the e-filing system:

Stephen P. O'Keefe, Esquire
The O'KEEFE FIRM
7385 Far Hills Avenue
Dayton, Ohio 45459
*Counsel for Plaintiff Donella Hobbs*


/s/ Jeremy R. Kopp
JEREMY R. KOPP

Monday, August 28, 2017 3:31:58 PM
CASE NUMBER: 2017 CV 02264 Docket ID: 31271130
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

**Montgomery County Common Pleas Court**
General Division

IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO

DONELLA HOBBS EXECUTRIX,                    CASE NO. 2017 CV 02264

              Plaintiff(s),                    JUDGE BARBARA P. GORMAN

-vs-                                        **<u>ENTRY SETTING SUBMISSION</u>**
                                            **<u>DATE ON DEFENDANTS MOTION TO</u>**
COMMUNITY EMERGENCY MEDICAL                 **<u>DISMISS</u>**
SERVICE INC., et al.,

              Defendant(s).

      This cause came on to be heard upon the Defendant's Motion to Dismiss filed herein on <u>August 21,</u> <u>2017</u>. Plaintiff's Memorandum Contra is due on or before <u>September 07, 2017</u>. Defendant's reply is due on or before <u>September 18, 2017</u>.

      <u>There shall be no oral hearing</u>. If counsel desires to be heard, counsel should notify the Court and other counsel the day before the last date set forth above. Otherwise, the Court will consider the matter submitted without oral argument as of the last date set forth above.

                        SO ORDERED:

                        _____
                        JUDGE BARBARA P. GORMAN

This document is electronically filed by using the Clerk of Courts e-Filing system. The system will post a record of the filing to the e-Filing account "Notifications" tab of the following case participants:

STEPHEN P. O'KEEFE
(937) 643-0600
Attorney for Plaintiff, Donella Hobbs, Executrix

JEREMY RYAN KOPP
(614) 441-4095
Attorney for Defendant, Community Emergency Medical Service Inc

Copies of this document were sent to all parties listed below by ordinary mail:

PARASTAR INC.
50 W BROAD ST SUITE 1330
CO CORPORATION SERVICE COMPANY
COLUMBUS, OH 43215
Defendant

PHYLLIS TREAT, Bailiff  (937) 225-4392



General Divison

Montgomery County Common Pleas Court

41 N. Perry Street, Dayton, Ohio 45422

**Type:**          Order: Setting Submission Date

**Case Number:**   2017 CV 02264

**Case Title:**    DONELLA  HOBBS vs COMMUNITY EMERGENCY MEDICAL
                   SERVICE INC

So Ordered

*Barbora Pughesie Gorman*

Electronically signed by bgorman on 2017-08-28 15:33:11     page 3 of 3

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY OHIO
CIVIL DIVISION

**DONELLA HOBBS, Individually**    )
**And as the Executor of the Estate of**    )
**Annette Owens**    )
    )
    **Plaintiff,**    )
    )    **Case Number: 2017-CV-02264**
**v.**    )
    )
**COMMUNITY EMERGENCY**    )
**MEDICAL SERVICE, INC., et al.**    )    **Judge Barbara P. Gorman**
    )
    **Defendants.**    )
    )
    )

-------------------------------------------------------------------

## NOTICE OF APPEARANCE OF COUNSEL

***PLEASE TAKE NOTICE*** that the undersigned hereby enter their appearances as counsel

of record for Defendant Parastar, Inc. in the instant case (Case No.: 2017-CV-02264).

Respectfully submitted,

/s/ Jeremy R. Kopp
Jeremy R. Kopp, Esq. (Bar No. 0090577)
James H. Gordon, Esq. (Bar No. 0068454)
Ansa Assuncao LLP
Two Miranova Place, Suite 300
Columbus, Ohio 43215
Phone: 614.441.8682
Fax:   614.441.4471
*Counsel for Defendants Community*
*Emergency Medical Services, Inc. and*
*Parastar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing **NOTICE OF APPEARANCE OF COUNSEL** was filed with the Montgomery County Clerk of Court on the 31st day of August, 2017 and that the following party was served via the clerk's electronic filing system:

Stephen P. O'Keefe, Esquire
The O'KEEFE FIRM
7385 Far Hills Avenue
Dayton, Ohio 45459
*Counsel for Plaintiff Donella Hobbs*

/s/ Jeremy R. Kopp
JEREMY R. KOPP